IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EVAN SULLIVAN                                                                           PLAINTIFF

V.                                                            CIVIL ACTION NO. 2:06CV90-D-A

UNITED PARCEL SERVICE, INC.                                                  DEFENDANT

## ORDER

This case is before the court on the following motions:

1. Plaintiff's motion to exclude testimony of untimely disclosed witnesses and exhibits;

2. Plaintiff's motion to strike; and

3. Defendant's motion to strike untimely disclosed witnesses and exhibits.

These motions are fully briefed and ready for the court's consideration.

## BRIEF FACTUAL AND PROCEDURAL SUMMARY

This case was originally filed in May 2006. The original case management order deadlines were extended on request of the parties to:

Discovery – August 24, 2007

Plaintiff's expert designation – May 28, 2007

Defendant's expert designation – July 27, 2007

Motion filing deadline – August 31, 2007

*See* Order Amending Case Management Order Deadlines, dated February 22, 2007. On August 15, 2007, the trial judge granted defendant's motion to continue the trial to allow adequate time

to complete discovery. The trial was continued "until further order of the court." *See* Order Granting Motion for Continuance, August 15, 2007. By docket entry the following day on order of the undersigned, the parties were directed to diligently proceed with discovery; new deadlines would be established pending the resetting of a trial date. *See* unnumbered docket entry on August 16, 2007 and docket entry # 159. On November 19, 2007, the trial was reset for April 21, 2008, with a Final Pretrial Conference set for March 18, 2008. *See* Orders dated November 19, 2007 and November 26, 2007. The conference was held before the undersigned on March 18, 2008, but the trial date has been continued until further order of the court. The trial judge has promised to give the case a priority setting. *See* Order dated March 5, 2008. No additional pre-trial deadlines were ever re-established.

Before the final pretrial conference, the plaintiff filed a motion to exclude testimony of untimely disclosed witnesses and exhibits seeking to strike 32 witnesses and 6 exhibits not previously disclosed. At the direction of the undersigned at the pretrial conference, the plaintiff filed a second motion to strike that states that UPS chose to remove 31 of the 32 witnesses from the final pretrial order and 3 of the 6 exhibits in issue. Accordingly, the plaintiff now seeks to strike only one witness, Alyson Frazier, and three exhibits: Exhibit 5, Agreement between PBS & J and MDOT regarding NH-0055-04(050) construction project; Exhibit 8, MDOT CONSTRUCTION DIARIES from project NH-0055-04(050); and Exhibit 28, Mississippi Standard Specification for Road and Bridge Construction, 2004 Ed. (Aka to "Mississippi Red Book").

The defendants filed its motion to strike on March 21, 2008 seeking to strike three witnesses: Elliot Cockrell, Jessica Meadows and Brian Sullivan; two sets of medical records: records from Dr. Webb showing treatment records from January 23, 2008, and records from Dr.

Glenn showing treatment from February 2007 to the present; as well as the following exhibits: (1) Medical Illustration of the injuries suffered by Evan Sullivan, (2) Evan Sullivan injuries caused by accident, (3) CT scan of Brain, Axial View, dated January 24, 2006, and (4) CT scan of Brain, Sagittal View, dated January 27, 2006.

## LEGAL STANDARDS

During the discovery phase of a case a party may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(b)(1). This includes "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things. . . ." *Id.* Pursuant to Fed. R. Civ. P. 26(a)(1)(B), a party is required to produce a "copy of, or a description by category and location of, all documents. . . in the possession custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). In addition, a party must provide to other parties "an appropriate identification of each document or other exhibit" the party intends to offer at trial. Fed. R. Civ. P.(a)(3)(c). In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure during discovery, the court must consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be used at trial; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the evidence. Fed.R.Civ.P. 26(a), (e)(1), 37(c)(1); *United States v. $9,041,598.68,* 163 F.3d 238 (5th Cir.1998).

A party who fails to disclose will be prohibited from using the information or witness at trial unless the failure is harmless. FED. R. CIV. P. 37(c)(1). At the beginning of every case the undersigned always informs all counsel, both verbally and in writing, that failure to comply with

the disclosure requirements of the Federal Rules of Civil Procedure and the Uniform Local Rules will not be tolerated. Failure to disclose any exhibit or witness as required by this court's rules will routinely result in that witness or exhibit being stricken from the pretrial order. As in all other cases, the court warned counsel for all parties in this case of the likelihood of evidence being excluded from trial if it was not properly disclosed. Further, counsel were admonished that they were expected to comply with all deadlines imposed by the court.

Plaintiff's motions to strike

The plaintiff has filed two motions to strike. The first was resolved almost entirely by the parties. The second references only the one witness and three exhibits that remain in issue.

A. Alyson Frazier

Alyson Frazier is an employee of Inquisitor, Inc., the private investigation firm retained by defendant to conduct surveillance on the plaintiff. The plaintiff seeks to preclude Alyson Frazier as a witness at trial because her identity was not disclosed to the plaintiff until, according to the plaintiff, February 27, 2008 – approximately three weeks before the final pretrial conference. The defendant argues that while Ms. Frazier was formally disclosed to plaintiff on February 27, 2008, her identity was made known to the plaintiff through production of surveillance materials, including written summaries of surveillance signed by Ms. Frazier around January 22, 2008. In addition, the defendant states that the plaintiff has fully explored all surveillance materials submitted by defendants through a deposition of a former Inquisitor, Inc., employee, Darry Montgomery. This deposition took place on or around January 30, 2008.

Because the plaintiff has known of the identity of Alyson Frazier and her employment with the Inquisitor, Inc. for over six weeks, and plaintiff has deposed an employee of Inquisitor, Inc., the court concludes that the witness should be allowed to testify. While under regular

circumstances within the normal progression of a civil case, discovery would have long passed before a final pretrial conference, this case has not followed such a path.  No pre-trial deadlines were re-set after the November continuance of the trial date. Both parties took advantage of this oversight and took depositions and supplemented discovery far beyond the time parameters the court would normally have allowed.  Although this course of conduct may have caused some prejudice, such as late disclosure of witnesses, it has also allowed the parties leeway to conduct far more discovery than would regularly have been allowed.[1]   Given that this case is not currently set for trial, if the plaintiff sees need to depose Ms. Frazier the court will allow the deposition.  Any deposition of Ms Frazier must take place within 14 days of the date of this Order, and all parties will bear their own costs and expenses.. The plaintiff's motion to strike as it relates to Alyson Frazier is denied.

> 2. Defendants's Exhibit 5 – Agreement between PBS & J and MDOT regarding the NH-0055-04(050) construction project; and
>
> Defendant's Exhibit 8 – MDOT CONSTRUCTION DIARIES for Project NH-0055-04(050)

Plaintiff submits that Exhibits 5 and 8 are not contained in any initial disclosures or supplementations filed by the defendant and were not disclosed to the plaintiff until the proposed pretrial order was constructed.  Defendant argues that plaintiff has been aware of both documents at least since the 30(b)(6) deposition of MDOT on July 24, 2007, pointing to the deposition of Jesse Stewart on July 24, 200, at which plaintiff's counsel, Billy Quinn, questioned Mr. Stewart about the agreement between PBS&J and MDOT and the "daily diaries."  Although the two exhibits may not have been formally disclosed by way of initial disclosures or supplementations,

---

[1] The parties have taken over 40 depositions of fact witnesses and expert witnesses and propounded innumerable interrogatories and requests for production.

says defendant, the plaintiff has had full knowledge of these items and has even deposed witnesses regarding these items and cannot, therefore, claim lack of knowledge, surprise or unfair prejudice. The court agrees. Given the fact that plaintiff's counsel undoubtedly had not simply knowledge of the existence of these exhibits, but a working knowledge of their contents sufficient to question a deponent about them, the court holds that there is no prejudice or harm to the plaintiff in allowing defendant to utilize these exhibits at trial. Plaintiff's motion as it relates to Exhibits 5 and 8 is denied.

    3.    Defendant's Exhibit 28 – Mississippi Standard Specification for Road and Bridge Construction, 2004 Edition (AKA the "Mississippi Red Book")

Plaintiff submits that Exhibit 28 was not disclosed until February 27, 2008, just a little over two weeks before the final pretrial conference in this case. In response defendant asserts that the "Mississippi Red Book" "is so ubiquitous in the field of Mississippi road and bridge construction that it would be virtually impossible for plaintiff's counsel to have diligently investigated this case without encountering it." *See* Response in Opposition to Plaintiff's Motion To Strike, p.5. Because the manual is a public document readily available on the internet at no charge, says defendant, it had no obligation to provide the manual to plaintiff during discovery. There is simply no legal basis for this argument. Regardless of the prevalence or availability of a document, if a party wants to use it at trial in support of its case, it must disclose the document to the opposing party under Rule 26(b)(1).

In the instant case defendant offers nothing to support importance of the book or an explanation for its failure to timely disclose the existence of or its intent to use the book. The defendants' lack of explanation for its failure to disclose or a showing of the importance of the manual as evidence to support its case, is curious at best. Moreover, the undersigned questions

whether, as a treatise, the manual would be admissible as an exhibit in any event. The plaintiff's motion to strike as it applies to the exhibits in question is granted.

The plaintiff's first motion to strike filed on March 14, 2008 was resolved by the parties except for these issues, which were raised in plaintiff's second motion to strike. The first motion is denied as moot, and the second motion is granted in part and denied in part as detailed above.

Defendant's motion to strike

Defendant UPS has also filed a motion to strike witnesses, exhibits and medical records not timely disclosed during the course of litigation: the witnesses are Elliot Cockrell, Jessica Meadows and Brian Sullivan; the medical records are those of Dr. Mark Webb and Dr. Jonathan Glenn recently supplemented; the exhibits are (1) Medical Illustration of the injuries suffered by Evan Sullivan, (2) Evan Sullivan injuries caused by accident, (3) CT scan of Brain, Axial View, dated January 24, 2006, and (4) CT scan of Brain, Sagittal View, dated January 27, 2006.

The plaintiff responds that Cockrell and Meadows were identified in responses to at least two interrogatories and plaintiff discussed both in his March 2007 deposition. The court holds that plaintiff properly disclosed their names, addresses and the possible importance of their testimony in discovery. The defendant's motion to strike these individuals is denied.

1. Witness Brian Sullivan

Plaintiff concedes that he did not formally disclose Brian Sullivan name, but argues that defendant has long known of Sullivan's identity and the fact that he was the head baseball coach whom plaintiff assisted in coaching a 9-10 year old baseball team last summer because it hired Inquisitor, Inc. to conduct surveillance on the plaintiff, including his helping coach the team. According to plaintiff Mr. Sullivan's testimony will show the plaintiff's role in coaching and explain his limitations due to his injuries. The purpose of this witness, in the court's view, is to

rebut testimony from Inquisitor, Inc. Whether such evidence, offered to impeach impeachment evidence, is admissible under the Rules of Evidence is questionable in itself. Further, while the defendant may have known Sullivan existed, there is no way defendant can reasonably predict the substance of his testimony or anticipate his interpretation of how the plaintiff's injuries limit his ability to coach a baseball team. The defendant's motion to strike witness Brian Sullivan is granted.

    2.    Medical Records from Drs. Webb and Glenn

Dr. Mark Webb and Dr. Jonathan Glenn are two of plaintiff's treating physicians. It is undisputed that they were timely disclosed to defendants. The dispute is with records that were supplemented with ongoing treatment records as late as one week before the final pretrial conference. The plaintiff claims that the records are evidence of ongoing treatment and that he plans to continue supplementing "up to and through trial." *See* Plaintiff's Response in Opposition to Defendant's Motion to Strike, p. 4.

Under Rule 26, a party has a duty to supplement its discovery responses and initial disclosures in a timely manner. Plaintiff responds that defendant cannot fairly claim surprise as it has been aware of ongoing treatment. Although it is this court's practice to allow supplementation of medical records up to the time of trial – the point, after all, is to assure that a jury has the *true* picture – plaintiff's supplementation by plopping an entire year's worth of the records of two different medical providers one week before the final pretrial conference does not constitute compliance with Rule 26's timeliness requirement. Nor has plaintiff offered an explanation of why making timely, ongoing supplementations throughout plaintiff's treatment was not possible. Nor did plaintiff ever seek the court's assistance if he was experiencing difficulty in procuring the records. Although nothing prevents plaintiff from offering evidence

that treatment is ongoing, the court holds that only medical records properly supplemented at least one month before the final pretrial conference may be used as evidence in this case. Materials supplemented after February 18, 2008, including the one page from Dr. Webb and the supplementation from Dr. Glenn made on March 13, 2007 will be stricken from the final pretrial order and may not be used at trial.

    3.    Exhibits

Defendant argues as to the four exhibits it seeks to exclude that it cannot easily discern from the plaintiff's listing precisely which document or documents to which it refers, nor can it tell whether the documents (CT Scans) are the ones originally produced, but have been enhanced for trial. From the plaintiff's response in opposition to the motion, it appears the exhibits in question were produced to defendant on July 18, 2007. If there is an issue of clarification, the parties should be able to resolve this by simply exchanging exhibits as required by the court's Order regarding instructions for final pretrial conference entered on August 14, 2006.[2] Regarding the CT Scans, the plaintiff may use at trial the scans that were disclosed during discovery or used on July 18, 2007. Plaintiff may not use enhanced or otherwise altered versions of these documents without agreement from the defendant. Accordingly, the defendant's motion is denied as it relates to documents that were previously produced; the motion is granted as to any documents that have since been altered or enhanced for trial but not re-produced.

---

[2]The court's August 14, 2006 Order regarding Final Pretrial Conference instructions states:
    "Counsel for all parties shall confer in person (face to face) at their earliest convenience for the purpose of arriving at all possible stipulations and *for the exchange of copies of documents that will be offered in evidence at the trial*." (Italicized portion added here for emphasis). In other words, the exhibits should have been marked and exchanged by the final pretrial conference, and certainly that should have been done by now, over two weeks later.

Further, within ten days from this order, the parties are directed to *again* meet and exchange specific exhibits that may need clarification.

CONCLUSION

For the reasons stated above, the court holds that the plaintiff's [Nos. 258, 266] and defendant's motions to strike [No. 269] are granted in part and denied in part as detailed above.

SO ORDERED, this, the 4th day of April, 2008.

   /s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE